Argued March 8, affirmed March 22, 1967

WEINSTEIN, *Respondent, v.* WEINSTEIN,
*Appellant.*

425 P. 2d 544

*Leo Levenson,* Portland, argued the cause for appellant. With him on the brief was Marvin S. Nepom, Portland.

*James F. Lonergan,* Portland, argued the cause and filed the brief for respondent.

Before McALLISTER, Presiding Justice, and O'CONNELL, GOODWIN and FORT, Justices.

FORT, J. (Pro Tempore).

Defendant husband, father of three children, appeals from a decree of divorce dissolving a marriage of 29 years standing asserting only that the plaintiff did not produce substantial evidence establishing the legal cause required by ORS 107.030(6) for such a decree.

The bill of particulars filed pursuant to ORS 107.440 charged failure to support his wife and children, refusal to work, long absences from the home and constant friction between the defendant and his family.

For a period of approximately two years prior to the filing of the suit the defendant conceded he had been living in Las Vegas. He came home once during that time. While there he earned no income at all but supported himself by living up the remaining cash surrender value of his life insurance policies, originally worth $40,000.00. In the meanwhile his wife of over 25 years was working as a clerk in a shop in Portland for $52.00 a week to support the family. He contended his presence in Las Vegas and the resulting disregard of his family responsibilities was necessary to enable him to market a new gambling game called "Poker-keno" which he had developed.

It is enough to observe in domestic relations matters that the actions of the parties during their daily living speak far more loudly than their words of explanation later. It is the former which communicates the attitudes of the family members towards one another, and it is the attitudes communicated which create the atmosphere within the home, rather than the verbal explanations offered afterward. Neither protestations of good intentions nor lamentations over lost affections uttered at the time of trial can breathe new life into relationships which have long since expired—whether from the partner's willful acts or gross neglect.

It is sufficient to say that the findings and the decree entered by the able and long-experienced trial judge are amply supported by the evidence. *Hoss v. Hoss*, 245 Or 1, 419 P2d 940 (1966), *Mowery v. Mowery*, 238 Or 66, 393 P2d 191 (1964).